IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| SHERRIE RUSSELL ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | |
| v. ) | Case No.: 6:22-cv-352 |
| ) | |
| CMRE FINANCIAL SERVICES, INC. ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Sherrie Russell, by and through the undersigned counsel, and for her Complaint against Defendant, CMRE Financial Services, Inc. ("CMRE") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") states as follows:

**JURISDICTION**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d) and 1681(p).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Carthage, a part of Panola County, Texas 75633.

1

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Carthage, a part of Panola County, Texas 75633, making Tyler a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant, a California corporation headquartered in Brea, CA practices as a debt collector throughout the country, including Texas.

8. Defendant attempts to collect alleged debts throughout the state of Texas, including in Carthage city and Panola County.

9. Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in Carthage city and Panola County and Defendant attempts to collect alleged debts throughout the state of Texas.

11. Defendant knowingly attempted to collect on a debt allegedly incurred in Carthage, Texas, and thus has sufficient minimum contacts with this venue making this venue additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

12. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13. Defendant's collection activities violated the FDCPA.

14. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive

rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

15. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

16. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## PARTIES

17. Plaintiff, Sherrie Russell (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

18. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

19. Defendant CMRE is a corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 3075 E. Imperial Highway Ste. 200, Brea, CA 92821.

20. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

21. Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

22. CMRE is engaged in the business of a collection agency, using the mails, telephone, and consumer collection agencies to collect consumer debts originally owed to others.

23. CMRE regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

24. Defendant CMRE is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

25. Experian Information Solutions, Inc. is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Experian Information Solutions, Inc. regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide:

    a. Public record information;

    b. Credit account information from persons who furnish that information regularly and in the ordinary course of business.

## FACTUAL ALLEGATIONS

26. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than CMRE.

27. Upon information and belief, on a date better known by CMRE, CMRE began to attempt to collect an alleged consumer debt from the Plaintiff.

28. On or about September 3, 2021, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

29. The alleged debt was said to be owed for a medical bill and would therefore only have been incurred for personal or family purposes.

30. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

31. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. During the telephone call, Plaintiff informed Defendant's representative that the alleged debt had already been paid by her insurance and should not be reporting on her credit. Defendant's representative told Plaintiff to contact her insurance company to rectify the issue.

33. Once Plaintiff disputed the debt, Defendant was required to mark the account as disputed if it chose to voluntarily report to the Credit Reporting Agencies, specifically Experian Information Solutions, Inc.

34. CMRE was voluntarily reporting a collection account on Plaintiff's credit report with the credit reporting agencies.

35. CMRE's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

36. On or about December 16, 2021, Plaintiff received an updated credit file from Experian Information Solutions, Inc. **Exhibit A.**

37. The credit report was updated on November 29, 2021, by CMRE.

38. The updated December 16, 2021, credit report did not contain updated account information.

39. The updated December 16, 2021, credit report did not contain updated marked as disputed information.

40. CMRE furnished information to Experian Information Solutions, Inc. regarding Plaintiff's account without notifying them the account had been disputed by consumer.

41. CMRE failed to update the account information and mark the account as disputed on the updated December 16, 2021, credit report after Plaintiff disputed the account on September 3, 2021.

42. Upon information and belief, CMRE never updated the account information and never marked it as disputed even after receiving information of the dispute.

43. All of CMRE's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

44. All of CMRE's actions under the FCRA complained of herein occurred within two years of the date of this Complaint.

45. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the CMRE.

46. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by CMRE.

47. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by CMRE.

48. Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

49. Defendant's action has created an appreciable risk of harm to the underlying concrete interests that Congress sought to protect in creating the FDCPA.

50. Plaintiff would have pursued a different course of action had Defendant not violated the statutory protections created by Congress.

51. Plaintiff attempted to pursue her rights yet was left with no actual knowledge as to how to proceed based on Defendant's actions.

52. Defendant's denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status of her debt in order to make a rational determination as to how to proceed and forcing her to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

53. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of CMRE.

54. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

**Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions**

55. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

56. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57. Because Plaintiff disputed the debt, CMRE, when choosing to contact the consumer reporting agencies, was obligated to inform them of the disputed status of the account. See Dixon v. RJM Acquisitions, L.L.C., 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173 (10th Cir. 2013) "(We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

58. CMRE used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including the failure to communicate the debt was disputed in violation of 15 U.S.C. §§ 1692e, 1692e(8). See Sayles v. Advanced Recovery Systems, Incorporated, 865 F.3d 246, 249 (5th Cir. 2017); Brady v. Credit Recovery Co., 160 F.3d 64 (1st Cir. 1998) (The plain language of the FDCPA requires debt collectors to communicate the disputed status of a debt if the debt collector knows or should know that the debt is disputed. This standard requires no notification by the consumer but depends on the debt collector's knowledge that a debt is disputed, regardless of how or when that knowledge is required.)

59. CMRE's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

60. CMRE violated the Plaintiff's right not to be the target of misleading debt collection communications.

61. CMRE violated the Plaintiff's right to a truthful and fair debt collection process.

62. CMRE's communications with Plaintiff were deceptive and misleading.

63. CMRE used unfair and unconscionable means to attempt to collect the alleged debt.

64. CMRE's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to CMRE's collection efforts.

65. CMRE's failure to mark a debt as disputed it knows or should know is disputed violates § 1692e, 1692e(8) of the FDCPA.

66. CMRE's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding her situation.

67. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

68. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of CMRE's conduct.

69. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. CMRE's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

70. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

71. Defendant CMRE's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Sherrie Russell, prays that this Court:

A. Declare that CMRE's debt collection actions violate the FDCPA;

  B. Enter judgment in favor of Plaintiff Sherrie Russell, and against CMRE, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

  C. Grant other such further relief as deemed just and proper.

### Count II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse

72. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

73. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

74. CMRE's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

75. CMRE attempted to coerce Plaintiff into paying an alleged debt she otherwise would not have paid by submitting false and inaccurate information to her credit report.

76. CMRE could have no other purpose in doing this except to harm Plaintiff's reputation and deprive her of her ability to receive any type of credit line unless she paid the alleged debts.

77. Defendant CMRE's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sherrie Russell, prays that this Court:

  A. Declare that CMRE's debt collection actions violate the FDCPA;

  B. Enter judgment in favor of Plaintiff Sherrie Russell, and against CMRE, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**COUNT III: Violations Of § 1692f Of The FDCPA – Misleading Representations & Unfair Practices**

78. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

79. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

80. CMRE attempted to collect a debt by distributing false information that would negatively impact Plaintiff's rights as a consumer, as well as that would harm Plaintiff's financial health.

81. CMRE used unfair and unconscionable means to attempt to collect the alleged debt.

82. CMRE's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Sherrie Russell, prays that this Court:

A. Declare that CMRE's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Sherrie Russell, and against CMRE, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

**Count IV: Violation Of 15 U.S.C. § 1681s-2(B) of the FCRA- Duties of Furnishers of Information upon Notice of Dispute**

83. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

84. Defendant CMRE violated 15 U.S.C. § 1681s-2(b) by continuing to report the CMRE representation within Plaintiff's credit file with Experian Information Solutions, Inc. without also including a notation that this debt was disputed; by failing to fully and properly investigate the

11

Plaintiff's dispute of the CMRE representation; by failing to review all relevant information regarding same; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the CMRE representations to the consumer reporting agencies.

85. As a result of this conduct, action and inaction of CMRE, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

86. Defendant CMRE's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

87. Plaintiff is entitled to recover costs and attorney's fees from CMRE in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sherrie Russell, prays that this Court:

A. Declare that CMRE's credit reporting actions violate the FCRA;

B. Enter judgment in favor of Plaintiff Sherrie Russell, and against CMRE, for actual damages, punitive damages, costs, and reasonable attorneys' fees as provided by §1681n of the FCRA;

C. Or, in the alternative, enter judgment in favor of Plaintiff Sherrie Russell, and against CMRE, for actual damages, costs, and reasonable attorneys' fees as provided by §1681o of the FCRA; and

D. Grant other such further relief as deemed just and proper.

## JURY DEMAND

88. Plaintiff demands a trial by jury on all Counts so triable.

Dated: September 1, 2022

                                          Respectfully Submitted,

                                          **HALVORSEN KLOTE**

By:    /s/ Joel S. Halvorsen

                Joel S. Halvorsen, #67032
                680 Craig Road, Suite 104
                St. Louis, MO 63141
                P: (314) 451-1314
                F: (314) 787-4323
                joel@hklawstl.com
                *Attorney for Plaintiff*